UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Craig Frerichs, DDS,

        Plaintiff,                            Civil No. 10-3340 (SRN/LIB)

   v.

Hartford Life and Accident Insurance         **AMENDED**
Company,                                            **MEMORANDUM**
                                                                 **OPINION AND ORDER**

        Defendant.

_____

Scott A. Johnson and Todd M. Johnson, Johnson Law Group, LLP, 10580 Wayzata Boulevard, Suite 250, Minnetonka, Minnesota 55305, for Plaintiff.

Anna M. Horning Nygren and Eric C. Tostrud, Lockridge, Grindal, Nauen, PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, Minnesota 55401, for Defendant.

_____

SUSAN RICHARD NELSON, United States District Court Judge

      This matter is before the Court on Plaintiff Craig Frerichs' Application for Attorneys' Fees and Costs (Doc. No. 67.)  In an Order dated June 21, 2012, (Doc. No. 66), this Court denied Defendant Hartford Life and Accident Insurance Company's ("Hartford") Motion for Summary Judgment (Doc. No. 47) and granted Plaintiff's Motion for Summary Judgment (Doc. No. 52.)  In the Order, the Court granted Plaintiff's request for attorneys' fees and costs and ordered the Plaintiff to submit an affidavit in support of his application.  (Doc. No. 66.)  The Court also allowed Defendant to file a responsive brief.  (Id.)  On June 29, 2012, Plaintiff filed an Affidavit in Support of his Application for Attorneys' Fees and Costs.  (Doc. No. 67.)  Defendant

1

filed a responsive memorandum and affidavit on July 9, 2012. (Doc. Nos. 68–69.) For the reasons set forth below, the Court grants in part and denies in part Plaintiff's Application for Attorneys' Fees and Costs.

## I.     Standard for Award of Fees

The starting point for determining a reasonable attorney fee is the "lodestar" calculation, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005). The party seeking the award should submit documentation supporting the requested amount, making a good faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434; see also Philipp v. ANR Freight Sys., Inc., 61 F.3d 669, 675 (8th Cir. 1995) (reducing fee because of inadequate documentation). Counsel must exercise "billing judgment" and be mindful that "hours that are not properly billed to one's client also are not billed to one's adversary pursuant to statutory authority." Hensley, 461 U.S. at 434 (citation omitted) (emphasis in original).

> To determine the lodestar amount, courts may consider:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

United HealthCare Corp. v. Am. Trade Ins. Co., 88 F.3d 563, 575 n.9 (8th Cir. 1996).

## II.     Reasonable Hourly Rate

Plaintiff's counsel has submitted an affidavit stating that attorneys in his office "charge $400.00 per hour for ERISA litigation services." (Affidavit of Todd M. Johnson, Doc. No. 67, ("Johnson Aff.") ¶ 2.) The affidavit states that the paralegal's rate is $160 per hour. (Id. Ex. A.) Defendant argues that the Court should not award Plaintiff his entire fee request because the proposed hourly rates are unreasonable. (Def. Opp'n Mem., Doc. No. 68 ("Opp'n Mem."), pp. 8–12.)

To determine whether an hourly rate is reasonable, the Court looks at the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); accord McDonald v. Armontrout, 860 F.2d 1456, 1458–59 (8th Cir. 1988). The fee applicant bears the burden to produce evidence to support the rates charged. Hensley, 461 U.S. at 437. Inadequate documentation may be a basis for a fee reduction. H.J Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991). "[W]hen fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates." Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005) (citations omitted).

The Court agrees that Plaintiff's proposed hourly rates are not adequately supported by documentation in the record. Although Plaintiff's attorneys have "over 32 years of litigation experience," Plaintiff's counsel has failed to provide any background on their experience or expertise in ERISA litigation. (Cf. Johnson Aff. ¶¶ 1–14.) Indeed, Plaintiff did not provide the Court with any documentation, as is customarily

done, regarding the rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.   (Id.)

Courts in this Circuit typically award hourly rates of $300 or less to prevailing attorneys in ERISA litigation.   See, e.g., Nelson v. Metro. Life Ins. Co., No. 07-cv-2326, 2010 WL 153040, at *6 (D. Minn. Jan. 11, 2010) (rate of $230 per hour was reasonable); Toppins v. Hartford   Life & Acc. Ins. Co., No. 08-cv-04269, 2009 WL 4728993, at *3 (W.D. Mo. Dec. 4, 2009) ("$300 an hour is an appropriate hourly rate"); Helm v. Sun Life Assurance Co. of Canada, No. 07-cv-2112, 2009 WL 524937, at *2 (W.D. Ark. Mar. 2, 2009) (reducing hourly rate from $275 to $225); Local 513, Int'l Union Operating Eng. v. Larry Ortmann Contracting, Inc., No. 08-cv-1177, 2009 WL 151698, at *3 (E.D. Mo. Jan. 22, 2009) (rate of $200 per hour was reasonable); Trustees of the I.B.E.W. Local 405 Health & Welfare Fund v. Affordable Elec., Inc., No. 08-cv-117, 2009 WL 54559, at *7 (N.D. Iowa Jan. 7, 2009) (rate of $200 per hour was reasonable); Local 22 Int'l Bhd. of Elec. Workers v. Sadler Elec., Inc., No. 05-cv-523, 2006 WL 3511324, at *4 (D. Neb. Dec. 5, 2006) (approving a "blended hourly rate of $180 for a litigation team composed of an attorney with a year's experience and an attorney with 23 years experience"); Janssen v. Minneapolis Auto Dealers Benefit Fund, No. 04-cv-3463, 2006 WL 2559870, at *2 (D. Minn. Aug. 31, 2006) (rate of $275 per hour was reasonable).

Further, the request for a rate of $400 per hour is inconsistent with the rate requested by Plaintiff's attorneys in another action before this Court.   In February 2011—while this case was pending—Plaintiff's attorneys submitted an application for attorneys' fees and costs in a non-ERISA action and documented their "hourly rates

4

ranging from $160 to $325." See R & D Fin. Solutions, Inc. v. W. Thrift & Loan Corp., 07-cv-4306, 2011 WL 692816, at *10 (D. Minn. Feb. 18, 2011).  The Court determined "$260 to be a reasonable hourly rate" for Plaintiff's attorneys in that case.  Id.

The Court determines that an hourly rate of $290 for both of Plaintiff's attorneys is reasonable based on the Court's knowledge of prevailing rates in this market, Eighth Circuit precedent, and representations by Plaintiff's attorneys in another action before this Court.

Similarly, the Court finds that Plaintiff's proposed hourly rate of $160 for counsel's paralegal is excessive given the prevailing rates in the community.  In Nelson, this Court determined that a paralegal working on an ERISA action of similar complexity as the present case should be compensated at a rate of $110 per hour.  2010 WL 153040, at *6.  Accordingly, the Court determines that $110 per hour is a reasonable rate for counsel's paralegal's work on this matter.

### III.     Reasonably Expended Hours

Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  Hensley, 461 U.S. at 434.  Inflated or excessive time entries are not proper in a fee petition.  Phillip, 61 F.3d at 675.

#### A.     Paralegal time spent reviewing, organizing, and summarizing the official and unofficial administrative records

Plaintiff's Application for Attorneys' Fees and Costs requests reimbursement for 524.66 hours that counsel's paralegal spent reviewing, organizing, and summarizing the unofficial administrative record and comparing the Defendant's administrative record to

the unofficial administrative record.   (See Johnson Aff. ¶¶ 4–9, 13–14, Ex. A; Opp'n Mem. at pp. 15–18; Affidavit of Anna M. Horning Nygren, Doc. No. 69 ("Horning Nygren Aff."), ¶ 8, Ex. 4.)   Plaintiff justified these expenses on the basis that there were discrepancies between the unofficial administrative record and the Defendant's administrative record, which required Plaintiff to spend considerable time analyzing and comparing them.   (Johnson Aff. ¶¶ 4–9.)

Defendant argues that even taking into consideration the discrepancies between the unofficial and official administrative records, the time counsel's paralegal spent reviewing these documents was excessive.   (Opp'n Mem. at p. 16.)   Defendant asserts that, according to Plaintiff's fee request, counsel's paralegal spent "on average nearly 10 minutes to review each page of the unofficial administrative record and the Hartford administrative record—[which combined were] slightly over 3,000 pages."   (Id. at p. 17.)

The Court agrees that Plaintiff's fee request for time counsel's paralegal spent reviewing, organizing, and summarizing the official and unofficial administrative records, while necessary, was excessive.   The Court finds that 367.26 hours spent performing this task to be reasonable, reflecting a reduction of 157.40 hours in counsel's paralegal's fee award.

**B.      Paralegal time spent preparing exhibits for summary judgment briefs**

Plaintiff's Application for Attorneys' Fees and Costs requests compensation for 54 hours preparing "documentary support for pleadings" for Plaintiff's Memorandum of Law in Support of his Motion for Summary Judgment and responsive briefs.   (See

Johnson Aff. ¶ 14, Ex. A; Opp'n Mem. at p. 19; Horning Nygren Aff. ¶ 9, Ex. 5.) Plaintiff provides no justification as to why it took the paralegal 54 hours to prepare these exhibits. (Cf. Johnson Aff. ¶¶ 1–14.) Defendant argues that this cost is excessive since Plaintiff's summary judgment brief attached only eight exhibits and Plaintiff's memorandum in opposition to Defendant's summary judgment motion contained only one exhibit. (Opp'n Mem. at p. 19.) The Court agrees that 54 hours preparing documentary support for pleadings is excessive given the nature of and the number of exhibits Plaintiff prepared for his filings. The Court determines that 37.80 hours is a reasonable amount of time for this task.

  **C.**  **Paralegal time spent preparing for summary judgment hearing**

Plaintiff's Application for Attorneys' Fees and Costs requests compensation for 47.49 hours that counsel's paralegal spent preparing for the summary judgment hearing. (See Johnson Aff. ¶ 14, Ex. A; Horning Nygren Aff. ¶ 9, Ex. 5; Opp'n Mem. at pp. 19–20.) Plaintiff's Application for Attorneys' Fees provides no reasoning as to why it took counsel's paralegal this amount of time to prepare for the hearing. (Cf. Johnson Aff. ¶¶ 1–14.)

Defendant argues that this cost is excessive given that Plaintiff did not use any exhibits during any part of the hearing and counsel's paralegal did not participate in the hearing. (Opp'n Mem. at p. 20.) The Court recognizes that counsel's paralegal may have prepared documents for the hearing that were not used during argument, and as such, finds that 33.24 hours for preparing for the hearing is reasonable.

### D. Attorney time spent performing legal research

Plaintiff's Application for Attorneys' Fees and Costs includes 17.38 hours of attorney time spent performing legal research on basic ERISA issues or issues that are unrelated to Plaintiff's ERISA claim. (See Johnson Aff. ¶ 14, Ex. A; Horning Nygren Aff. ¶ 10, Ex. 6; Opp'n Mem. at p. 21.) For example, Plaintiff's petition includes legal research on "top hat" issues that are not relevant to an ERISA claim. (Id.) The Court therefore finds that 12.17 hours for his attorneys' time performing research is reasonable.

### E. Attorney time spent on discovery

Plaintiff's Application for Attorneys' Fees and Costs includes 61.85 hours Plaintiff's counsel spent researching the availability of discovery, drafting discovery, drafting a motion to compel, and participating in meet and confers with opposing counsel. (See Johnson Aff. ¶ 14, Ex. A; Horning Nygren Aff. ¶ 7, Ex. 3; Opp'n Mem. at pp. 13–14.) Defendant argues that because the Court granted in part and denied in part Plaintiff's motion to compel, the Court should reduce Plaintiff's fee award based on the time spent seeking discovery that the Court did not allow. (Opp'n Mem. at pp. 13–14; see also Order on Def. Mot. to Compel, Doc. No. 31.) "Motions to compel based on relevance are the bread and butter of discovery practice" and just because Plaintiff did not succeed on his entire motion to compel does not mean it was not a reasonable motion to pursue. Derksen v. CNA Grp. Assurance Co., No. 04-cv-3411, 2006 WL 1877072, at *7 (D. Minn. July 6, 2006). Accordingly, the Court finds that the 61.85 hours that Plaintiff's counsel spent on discovery and bringing a motion to compel is reasonable.

### F. Duplicative time entries

Plaintiff's fee petition includes a number of time entries that are duplicates of a time entry entered by the same timekeeper for the same day. (See Johnson Aff. ¶ 14, Ex. A; Horning Nygren Aff. ¶ 11, Ex. 2; Opp'n Mem. at pp. 21–22.) Specifically, the duplicative time entries include: (1) on February 24, 2010, two three-hour entries by counsel's paralegal for "[i]nitial review of client documents;" (2) on October 9, 2010, two three-hour entries by counsel's paralegal for "[s]ummariz[ing] and organiz[ing] unofficial Hartford Administrative Record Documents;" (3) on October 10, 2010, two four-hour entries by counsel's paralegal for "[s]ummariz[ing] and organiz[ing] unofficial Hartford Administrative Record Documents;" (4) on October 11, 2010, one eight-hour entry by counsel's paralegal for "[s]ummariz[ing] and organiz[ing] unofficial Hartford Administrative Record Documents" and one eight and a half hour entry for the same activity; and (5) on January 17, 2011, two half-hour entries by Plaintiff's attorney for "Prepar[ing] Rule 26A initial disclosures." (Id.) The Court determines that these time entries are duplicative and that Plaintiff is not entitled to compensation for these hours. According, the Court will reduce Plaintiff's attorneys' compensable hours by 0.50 hours and counsel's paralegal's hours by 18.50 hours.

### G. Time recorded by "LJL"

Plaintiff's request for reimbursement contains a 3.5-hour time entry from "LJL" on January 6, 2011 for a total of $560.00. (Johnson Aff. ¶ 14, Ex. A; Opp'n Mem. at pp. 22–23) "[P]laintiff bears the burden to show that [he] is entitled to an award of attorney fees, and absent evidence that a specific timekeeper is entitled to [an] award for attorney fees, the court shall not award them." Vollenweider-Leos v. Harford Life & Acc. Ins.

Co., No. 07-cv-119, 2010 WL 457743, at *6 (N.D. Iowa Feb. 1, 2010). Plaintiff's fee petition does not include any description of who "LJL" is or his or her qualifications. (Cf. Johnson Aff. ¶¶ 1–14.) Accordingly, the Court will reduce counsel's paralegal's hours spent on this case by 3.50 hours for LJL's work on this matter.

### IV.   Vague and Incorrect Time Entries

Courts may reject vague, incomplete, or imprecise time entries because they "preclude any meaningful review . . . of the fee application for 'excessive, redundant, or otherwise unnecessary' hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim." Flygt, 925 F.2d at 260 (citing Hensley, 461 U.S. at 434, 437 & n.12). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437.

The Defendant identified 19.90 hours of Plaintiff's attorneys' time entries and 26 hours of counsel's paralegal time entries that are insufficiently detailed to permit it to assess the reasonableness of these entries. (Horning Nygren Aff. ¶ 12, Ex. 7.) These entries include descriptions such as "legal research" and "[r]eview [of] Independent Medical Evaluators." (Id.; see also Johnson Aff. ¶ 14, Ex. A.) The Court agrees that these time entries are not detailed enough for it to assess the reasonableness of these time entries. The Court finds that 9.95 hours for Plaintiff's attorneys and 13 hours for counsel's paralegal is reasonable for performing the tasks identified in these time entries.

Defendants also identified a number of billing entries by Plaintiff that contain factual errors. For example, on February 10, 2011, Plaintiff's counsel billed 1.20 hours

10

for "Conference with client; review records; emails to opposing counsel."  (Johnson Aff. ¶ 14, Ex. A.)  Defendant's counsel asserts that it did not receive an email from Plaintiff's counsel on that date.  (Opp'n Mem. at p. 26.)  Additionally, Plaintiff's counsel billed 1.50 hours on November 22, 2010 for "Court Appearance – pre-trial" and 3 hours on May 2, 2011 for "Court Appearance/motion to compel" when these hearings were not held on these dates.  (Compare Johnson Aff. ¶ 14, Ex. A with Doc. Nos. 8, 30.)  Moreover, on August 19, 2010, Plaintiff's counsel billed 0.50 hours for "Conference with opposing counsel regarding additional time for answer; confirm authority for extension with client," but Defendant's records indicate that a phone conference was not held on these dates.  (Opp'n Mem. at p. 26.)  The Court finds these time entries to be unreasonable and will therefore reduce Plaintiff's attorneys' time entries by 6.20 hours.

**V.     Costs**

Plaintiff's fee petition includes a request for $3,531.66 in costs.  (Johnson Aff. ¶ 14, Ex. A.)  Federal Rule of Civil Procedure 54(d)(1) states, "[u]nless a federal statute . . . provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Moreover, in addition to allowing for an award of reasonable attorney's fees, 29 U.S.C. § 1132(g)(1) permits the Court to award costs of the action to either party.  An award of costs is governed by 28 U.S.C. § 1920.  See Nelson, 2010 WL 153040, at *12.  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the

>copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Eighth Circuit has held that reasonable out-of-pocket expenses not compensable under 28 U.S.C. § 1920 may be recoverable as reasonable attorneys' fees. See, e.g., Pinkham v. Camex, Inc., 84 F.3d 292, 294–95 (8th Cir. 1996) (characterizing charges for long distance telephone calls, facsimile transmissions, messenger services, and express mail as "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, and thus should have been included as part of the reasonable attorney's fees awarded") (citations omitted). Accordingly, the Court finds that Plaintiff is entitled to an award of costs in the amount of $3,531.66.

## VI.  Conclusion

Plaintiff's fee petition included 674.02 hours of paralegal time and 290.09 hours of attorney time spent on the case. As explained above, the Court reduced the paralegal compensable hours for time spent reviewing, organizing, and summarizing the official and unofficial records by 157.40 hours. The Court also reduced the paralegal's time spent preparing exhibits for the summary judgment brief by 16.20 hours and 14.25 hours for time spent preparing for the summary judgment hearing. The Court also reduced the paralegal's fee award by 18.50 hours for duplicative time entries and 13 hours for insufficiently detailed time entries. The Court also reduced the paralegal time by 3.50 hours for time entered by "LJL" who is not identified in Plaintiff's fee petition.

Therefore, Plaintiff is entitled to $49,628.70 (or 451.17 hours) for his paralegal's time spent on the case.

The Court also reduced the compensable time Plaintiff is entitled to receive for his attorneys. The Court reduced the number of hours Plaintiff's attorneys may be awarded by 5.21 for performing legal research unrelated to the action, 0.50 hours for duplicative time entries, and 9.95 hours for insufficiently detailed billing entries. Plaintiff's attorneys are thus entitled to an award of $79,584.70 (or 274.43 hours).

### Vii.   Order

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Application for Attorneys' Fees and Costs (Doc. No. 67) is **GRANTED IN PART AND DENIED IN PART**. The Court awards Plaintiff's attorney fees in the amount of $129,213.40 and costs in the amount of $3,531.66.

The Court having previously granted Plaintiff summary judgment on the merits, final judgment may now be entered as follows:

1. Plaintiff's Motion for Summary Judgment is GRANTED; and
2. The Court awards Plaintiff's attorney fees in the amount of $129,213.40 and costs in the amount of $3,531.66.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   August 28, 2012                              s/Susan Richard Nelson
                                                      SUSAN RICHARD NELSON
                                                      United States District Judge